UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ADAM SPINDLER and CARRIE SPINDLER,

                        Plaintiffs,

        -against-                              MEMORANDUM & ORDER
                                              13-CV-5237(JS)(GRB)
GREAT NORTHERN INSURANCE COMPANY,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Johnathan C. Lerner, Esq.
                     Matthew Scott Azus, Esq.
                     Lerner Arnold Winston, LLP
                     475 Park Avenue South, 28th Floor
                     New York, NY 10016

For Defendant:       John P. Foudy, Esq.
                     Peter A. Ragone, Esq.
                     Scott Justin Kantor, Esq.
                     Rosner Nocera & Ragone, LLP
                     61 Broadway, Ste. 1900
                     New York, NY 10006

SEYBERT, District Judge:

        This case is an insurance dispute concerning damages
caused by Hurricane Sandy.  Pending before the Court are: (1) the
parties cross-motions for summary judgment (Docket Entries 106,
111); (2) Magistrate Judge Gary R. Brown's Report and
Recommendation ("R&R"), recommending that the Court grant
Plaintiffs' motion for summary judgment in part and deny
Defendant's motion (Docket Entry 133); and (3) Defendant's
Objections (Docket Entry 134).  For the reasons that follow, the

Court OVERRULES Defendant's Objections and ADOPTS the R&R in its entirety.

BACKGROUND

Homeowners Adam and Carrie Spindler ("Plaintiffs") commenced this action on August 13, 2013 against Great Northern Insurance Company ("Defendant") alleging that Defendant breached the terms of their insurance policy (the "Policy"), by failing to cover a claim they submitted following damage sustained to their property. (See Compl. ¶ 13.)[1] The Court will not reiterate all of the pertinent facts of this case, which are extensively detailed within Judge Brown's R&R. Briefly, however, Plaintiffs' property, located at 2947 Shore Drive, Merrick, New York, abuts a body of navigable water known as the East Bay. (Pls.' 56.1 Stmt., Docket Entry 107, ¶ 1; Def.'s 56.1 Stmt., Docket Entry 14, ¶ 6.) During Hurricane Sandy, Plaintiffs' property was damaged when two Sea Ray boats, driven by the storm, repeatedly struck their dock, house, and deck. (R&R at 3.) Plaintiffs submitted a claim to Defendants for the damage, and on November 19, 2012, Defendant denied coverage. (R&R at 4.) Defendant relied upon, inter alia, the "Surface Water" exclusion within the Policy, which states:

> **Surface water.** We do not cover any loss caused by:
>
> • flood, surface water, waves, tidal water, overflow of water from a body of water, or

---

[1] The Complaint is located at Docket Entry 1, at 7-12.

water borne material from any of these,
including when any such waters or water
borne material enters and backs up or
discharges from or overflows from any sewer
or drain located outside of or on the
exterior of a fully enclosed structure;

- run off of water or water borne material
from a paved surface, driveway, walkway,
patio, or other similar surface; or

- spray from any of these, even if driven by
wind.

But we do insure ensuing covered loss unless
another exclusion applies.

(Defs.' 56.1 Stmt. ¶ 18.)

Both parties filed motions for summary judgment (Docket
Entries 106, 111), and on July 13, 2015, the Court referred the
motions to Judge Brown for an R&R. (Docket Entry 123.) On February
2, 2016, Judge Brown issued his R&R. (Docket Entry 133.) The R&R
recommends that the Court grant Plaintiffs' motion for summary
judgment on the issue of liability only, and deny Defendant's
motion in its entirety. (R&R at 20.)

Judge Brown specifically found that damage caused by the
"physical collision" of the boats with Plaintiffs' property was
not contemplated by the Surface Water Exclusion, and that any
destruction resulting from "two large boats haphazardly traversing
Plaintiffs' yard" was not explicitly caused by "flood waters."
(R&R at 17-18.) Rather, Judge Brown classified the incident as an

"ensuing loss" that is explicitly covered by the Policy. (R&R at 18-19.)

Defendant filed Objections to Judge Brown's R&R on February 16, 2016. (Objections, Docket Entry 134.) Defendant principally argues that the R&R (1) improperly applied the Policy's ensuing loss provision, (2) ignores controlling authority, and (3) makes inappropriate findings of fact. (Objections at 2-7.)

## DISCUSSION

The Court will first address the standard of review before turning to Plaintiffs' Objections specifically.

## I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the

specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. The Ensuing Loss Provision

Defendant argues that Judge Brown misapplied the Policy's ensuing loss provision when he held that damage caused by the collision of two boats with Plaintiffs' property was covered by the Policy. "Ensuing loss" is a term of art in insurance law. An ensuing loss provision provides "coverage when, as a result of

an excluded peril, a covered peril arises and causes damage."
Platek v. Town of Hamburg, 24 N.Y.3d 688, 695, 26 N.E.3d 1167,
1172, 3 N.Y.S.3d 312, 317 (N.Y. 2015) (internal quotation marks
and citation omitted).  The classic example of an ensuing loss is
a fire that results from an earthquake.  An insurance policy may
exclude coverage for damage caused by the earthquake, but a
subsequent fire that was a "but for" cause of the earthquake would
still be covered as an "ensuing loss."  See Lantheus Med. Imaging,
Inc. v. Zurich Am. Ins. Co., --- F. Supp. 3d. ----, 2015 WL 1914319,
at *16 (S.D.N.Y. 2015).  Deciding whether a loss was "ensuing" is
necessarily intertwined with a determination of proximate cause.
In a recent decision about damage caused by Hurricane Sandy, for
example, the Court held that corrosion damage was not an "ensuing
loss" from flood waters because the corrosion was a "normal and
expected" result of water damage.  Nat'l R.R. Passenger Corp. v.
Arch Specialty Ins. Co., No. 14-CV-7510, 2015 WL 4940568, at *8-9
(S.D.N.Y. Aug. 3, 2015) ("For loss to constitute [an] 'ensuing
loss' from flood, the flood must cause some sort of damage that,
in turn, creates a separate damage-causing agent that brings about
[the] 'ensuing loss.'").

          Here, Judge Brown correctly found that damage caused by
the collision of the two boats with Plaintiffs' property was an
ensuing loss that is not precluded by the Surface Water Exclusion.
Although flood waters undoubtedly facilitated the incident, two

boats breaking free of their moorings and colliding with a residential property is <u>not</u> normal and expected damage caused by flood waters.  As Judge Brown noted in his R&R, if the boat had been negligently driven onto the property, the damage they caused would certainly be covered by the Policy.  (R&R at 18.)  Thus, the boats can properly be categorized as "a separate damage-causing agent" that ensued from the flooding.  <u>Nat'l R.R. Passenger Corp.</u>, 2015 WL 4940568, at *8.  Defendant's objection regarding the application of the ensuing loss provision is therefore OVERRULED.

III.  <u>Defendant's Additional Objections</u>

Defendant also argues that Judge Brown did not correctly apply legal precedent and made improper factual findings.  The Court rejects both arguments.  First, all of the cases that Defendant points to were discussed in detail in Judge Brown's R&R and need not be rehashed here.  (<u>See</u> R&R at 14-18.)

In addition, Judge Brown did not make improper factual findings regarding the damage the boats caused to Plaintiffs' property.  In his 56.1 Counterstatement, Defendant does not dispute that an eyewitness saw "one or more boats repeatedly strike and damage Plaintiffs' rear yard during the evening of October 29, 2012."  (Def.'s 56.1 Counterstmt., Docket Entry 121, ¶ 6.)  Judge Brown's colorful descriptions of the incident in the R&R were not findings of fact that implicate a determination of Plaintiffs' damages.  Indeed, Judge Brown recommended that discovery be

conducted to determine the amount of damages caused by the boats, which is less than clear.  Therefore, Defendant's additional objections are OVERRULED.

CONCLUSION

Judge Brown's R&R (Docket Entry 133) is ADOPTED in its entirety.  Plaintiffs' motion for summary judgment (Docket Entry 106) is GRANTED solely on the issue of liability, but DENIED as to damages.  Defendant's motion for summary judgment (Docket Entry 111) is DENIED.  The parties are directed to submit a joint discovery plan on the question of damages, which will provide for the completion of discovery within sixty (60) days from the date of this Memorandum & Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March __9__, 2016
           Central Islip, New York